# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **NICHOLAS BEN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-402-SDD-RLB** |
| **SERGIO OLVERA-ARREOLA, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 5, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NICHOLAS BEN                                                                CIVIL ACTION

VERSUS                                                                      NO. 15-402-SDD-RLB

SERGIO OLVERA-ARREOLA, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is Plaintiff's Motion to Remand (R. Doc. 9) filed on July 8, 2015. Any opposition to this Motion was required to be filed within 21 days after service of the Motion. LR 7(f). Defendants have not filed an opposition as of the date of this Report and Recommendation. The motion is therefore unopposed. For the reasons provided below, Plaintiff's Motion to Remand should be granted.

**I.     Background**

On May 15, 2015, Nicholas Ben ("Plaintiff") filed this action in 19th Judicial District Court, East Baton Rouge Parish, Louisiana, naming as defendants Sergio Olvera-Arreola, State Auto Insurance Company ("State Auto"), and Crownson William as defendants. (R. Doc 1-1, "Petition")[1] Plaintiff alleges that will sitting in his truck in traffic he was rear-ended by another truck driven by Mr. Olvera-Arreola. (Petition, ¶ 5). Plaintiff alleges that as a result of Mr. Olvera-Arreola's negligence, "he sustained injuries that required medical treatment." (Petition, ¶ 8). Plaintiff seeks to recover past, present, and future physical pain and suffering, medical expenses, mental and emotional pain and suffering, lost wages, and loss of enjoyment of life. (Petition, ¶ 9). Plaintiff does not pray for a jury trial.

---

[1] Plaintiff identifies the defendant named "Crownson William" in the caption as a corporation by the name of William Crownson. (Petition, ¶ 4). In the Notice of Removal, State Auto identifies this alleged corporation as an individual named William Crownson. (R. Doc. 1 at 3). It is not clear in the Petition why this defendant is named.

On June 19, 2015, State Auto removed this action alleging that the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (R. Doc. 1).[2] State Auto alleges that there is complete diversity because it is a citizen of Ohio, the other defendants are citizens of Arkansas, and Plaintiff is a citizen of Louisiana. (R. Doc. 1 at 2-3). State Auto further alleges that the amount in controversy requirement is satisfied based on the allegations in the Petition, including Plaintiff's failure to include in the Petition a general allegation that his claims do not exceed the requisite amount in controversy to establish diversity jurisdiction, his failure to enter into a binding stipulation limiting his recoverable amount,[3] and a representation from Plaintiff's counsel that Plaintiff "has undergone an MRI on his lumbar and/or cervical spine." (R. Doc. 1 at 3).

On July 8, 2015 Plaintiff moved to remand on the basis that State Farm has not met its burden of proving that the amount in controversy requirement is satisfied. (R. Doc. 9).

**II.   Arguments of the Parties**

Plaintiff argues that the amount in controversy requirement is not facially apparent and State Auto has provided no summary judgment type evidence establishing that it is satisfied. (R. Doc. 9-1). Plaintiff notes that removal was made within 30 days of the filing of the lawsuit and there has been no discovery in this action that would provide for summary judgment type evidence. (R. Doc. 9-1 at 5). Plaintiff seeks to recover an award of costs and attorney's fees pursuant to 28 U.S.C. § 1447(c) or Rule 11 of the Federal Rules of Civil Procedure in light of the improvident removal. (R. Doc. 9-1 at 6-7).

Defendant has not provided any opposition to remand of this action or to Plaintiff's request for an award of costs and attorney's fees.

---

[2] On June 24, 2015, State Auto filed an Amended Notice of Removal containing the same allegations as in the original Notice of Removal, but with a revised caption. (R. Doc. 2).
[3] State Auto does not indicate that it ever requested Plaintiff to enter any such stipulation or that it sought any discovery response from Plaintiff, such as a Request for Admission regarding the amount in controversy.

**III. Law and Analysis**

    **A. Amount in Controversy**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").

The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. §1447(c).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice . . . does not permit demand for a specific sum" removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2)

3

setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See*, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

There is no dispute that there is complete diversity of citizenship. (R. Doc. 9-1 at 3). The only issue before the court is whether the amount in controversy is facially apparent, and if not, whether the ambiguity regarding the amount in controversy has been resolved.

Plaintiff alleges that while he was sitting in his truck in traffic he was rear-ended by another truck driven by Mr. Olvera-Arreola. (Petition, ¶ 5). Plaintiff alleges that "he sustained injuries that required medical treatment" and seeks to recover past, present, and future physical pain and suffering, medical expenses, mental and emotional pain and suffering, lost wages, and loss of enjoyment of life. (Petition, ¶¶ 8, 9). Plaintiff does not allege the severity of the collision or the nature of his physical injuries resulting from the collision. Plaintiff does not state whether he incurred medical and drug expenses, and does not identify the scope of the medical treatment he received or continues to receive as a result of the accident. Similarly, Plaintiff does not identify his profession or wages allegedly lost.

"Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *See Davis v. JK & T Wings, Inc.*, No. 11-501-BAJ-DLD, 2012 WL

4

278728, at *3 (M.D. La. Jan. 6, 2012) (citing *Alderdice v. Lowe's Home Centers, Inc.*, 2010 WL 371027 (M.D. La. Jan. 29, 2010); *Nelson v. Wal–Mart Stores, Inc.*, 2009 WL 1098905 (W.D. La. Apr. 22, 2009), and numerous cases cited therein, *Fontenot v. Granite State Ins. Co.*, 2008 WL 4822283 (W.D. La. Nov. 3, 2008); and *Bonck v. Marriot Hotels, Inc.*, 2002 WL 31890932 (E.D. La. Dec. 30, 2002)), *report and recommendation adopted*, 2012 WL 278685 (M.D. La. Jan. 31, 2012). "When, as in the instant case, the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident, 'the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000.'" *Dunomes v. Trinity Marine Products, Inc.*, No. 14-1968, 2014 WL 7240158, at *4 (E.D. La. Dec. 19, 2014) (quoting *Broadway v. Wal-Mart Stores,* No. 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000)).

The Petition does not provide sufficient facts for determining the severity of his injuries. Plaintiff alleges various broad categories of damages commonly alleged in personal injury actions. Plaintiff does not allege the specific nature of his physical injuries or the treatment he sought or received. Plaintiff's vague allegation that "he sustained injuries that required medical treatment" indicates little more than potential soft tissue damage. There is no allegation that Plaintiff has suffered fractures or other wounds that would require immediate medical attention. In the absence of additional factual assertions by Plaintiff regarding the extent or nature of the actual physical injuries suffered, the Petition does not provide enough information for the court to conclude that the amount in controversy is facially apparent. *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

State Auto argues that Plaintiff's failure to allege the lack of federal jurisdiction in light of the insufficiency of damages, as well as Plaintiff's failure to enter into a pre-removal stipulation regarding the amount in controversy, demonstrates that the amount in controversy requirement is satisfied. These arguments have no merit.

5

Although Louisiana Code of Civil Procedure article 893(A) prohibits plaintiffs from specifying an amount of damages in a petition filed in Louisiana court, it expressly requires plaintiffs to generally allege, if applicable, that the damages sought are sufficient to qualify for the right to a jury trial or to establish federal jurisdiction.[4] Plaintiff's failure to include any allegations regarding the amount in controversy to support federal jurisdiction is not dispositive. *See Weber v. Stevenson*, No. 07-595, 2007 WL 4441261 (M.D. La. Dec. 14, 2007) ("[T]he plaintiffs' failure to follow La. C.C.P. art. 893(A)(1)'s mandate, while entitled to some consideration, in and of itself is not determinative of the amount in controversy. There is so little information in the petition upon which to estimate the actual amount in controversy, a finding that the failure to include the "893" allegation resulted in the satisfaction of the jurisdictional minimum would be tantamount to finding that subject matter jurisdiction may obtain from a procedural omission, which is unsupportable."). Similarly, that Plaintiff did not submit a pre-removal stipulation that the amount in controversy requirement is not satisfied is insufficient, without more, to support a finding that the amount in controversy is facially apparent. *See Lowe v. State Farm Fire & Cas. Co.*, No. 07-7454, 2008 WL 906311 (E.D. La. Apr. 2, 2008) ("Plaintiffs' failure to [submit a pre-removal binding stipulation] does not relieve the removing party of its burden to establish that the jurisdictional minimum is satisfied. In this case [the defendant] has not met its burden.").

The Petition also does not allege that Plaintiff is seeking a jury trial. This suggests that Plaintiff believes his claims to be less than $50,000, which is the threshold for a right to a jury trial in Louisiana. *See* La. C.C.P. Art. 1732. Even if Plaintiff had requested a jury, given the vague

---

[4] "No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate." La. C. Civ. P. art. 893(A)(1).

injuries and categorical damages alleged in the Petition, the court would give little weight to that request in establishing the amount in controversy. *See Brown v. Richard*, No. 00-cv-1982, 2000 WL 1653835, at *4 (E.D. La. Nov. 2, 2000) ("jury demand for state court can be a factor in determining whether the amount in controversy requirement for federal jurisdiction is satisfied" but alone is not controlling to satisfy the jurisdictional requirement).

In the absence of additional factual assertions by Plaintiff regarding the extent or nature of the actual physical injuries suffered, the Petition does not provide enough information for the court to conclude that the amount in controversy is facially apparent. *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). The court will, therefore, turn to whether Sate Farm has set forth facts in controversy that support a finding that the amount in controversy requirement is satisfied.

State Auto has provided no summary judgment type evidence in support of its removal indicating that the amount in controversy requirement is satisfied. At most, State Auto alleges, without supporting documentation, that Plaintiff's counsel advised it that Plaintiff "has undergone an MRI on his lumbar and/or cervical spine." (R. Doc. 1 at 3). Even if true, the cost of an MRI is insufficient for establishing the amount in controversy requirement. *See Donsereaux v. Hilbrenner*, No. 91-cv-1920, 1992 WL 125472, at *4 (E.D. La. May 20, 1992) (plaintiff's medical expenses listed cost of MRI scan as $610.00). There is no evidence in the record that Plaintiff has undergone, or plans to undergo, surgery as a result of the MRI's findings.

For the foregoing reasons, State Auto has not met its burden of proving that the amount in controversy requirement is satisfied.

### B. Plaintiff's Request for Costs and Expenses

Plaintiff requests from State Auto "an award of costs and fees" pursuant to 28 U.S.C. § 1447(c) or Rule 11 of the Federal Rules of Civil Procedure. (R. Doc. 9-1 at 6-7). Plaintiff does not

7

identify the costs and expenses incurred in light of State Auto's removal and the filing of the motion to remand. State Auto has not filed an opposition addressing this request for costs and expenses.

Rule 11 specifically provides that "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). The present request for fees and costs fails to meet the procedural requirements of Rule 11(c)(2) because defendants failed to file a separate motion describing the specific conduct that allegedly violates Rule 11(b). Accordingly, the motion for sanctions pursuant to Rule 11 should be denied. *See Richard v. Louisiana Industries for the Disabled*, No. 10-426, 2011 WL 1527586, at *3-4 (M.D. La. Apr. 20, 2011).

The court should, however, award costs and fees pursuant to 28 U.S.C. § 1447(c). "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The award of costs and expenses under § 1447(c) is discretionary and should only be awarded where the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 141 (2005). The court must consider the propriety of the removing party's actions at the time of removal, based on an objective view of the legal and factual elements in each particular case, irrespective of the fact that it was ultimately determined that removal was improper. *Id.*; *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997), *cert. denied*, 522 U.S. 977 (1997); *Miranti v. Lee*, 3 F.3d 925, 928-29 (5th Cir. 1993). To be subject to an award of attorney's fees under § 1447(c), a defendant must have played a role in the decision to remove. *Avitts*, 111 F.3d at 32.

State Auto removed this action within 30 days of the filing of the lawsuit based solely on the allegations in the Petition and an alleged representation by Plaintiff's counsel that Plaintiff had undergone an MRI. The Petition is devoid of allegations that would support a finding that the

8

amount in controversy is facially apparent. State Farm does not allege that it requested a binding stipulation prior to removal, and Plaintiff refused to enter into such a stipulation. Instead, State Farm simply states that Plaintiff did not unilaterally provide such a stipulation. (R. Doc. 1 at 3-4). State Auto has made no effort to oppose Plaintiff's motion to remand by providing summary judgment type evidence supporting a finding that the amount in controversy requirement was satisfied.

It is clear that State Auto removed this action within 30 days of receipt of the initial pleading without any objectively reasonable basis for removal. To the extent State Auto prophylactically removed this action in light of 28 U.S.C. § 1446(b)(1), which requires removal of an action within 30 days after the receipt by a defendant "of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," such a removal was improvident. The Fifth Circuit has made it clear that "the thirty-day removal period under the first paragraph is triggered only where the initial pleading '*affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'" *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) (emphasis added by *Mumfrey*)). This bright-line rule prevents "courts from expending copious time determining what a defendant should have known or have been able to ascertain at the time of the initial pleading" and is designed to prevent premature removals. *Id*.

Plaintiff did not provide any statement of "just costs and any actual expenses" incurred in addressing removal. A review of the record, including the motion to remand, suggests that Plaintiff is entitled to recover, pursuant to 28 U.S.C. § 1447(c), costs and expenses, including attorney's fees, incurred as a result of the removal in the amount of $500.

**IV. Conclusion**

For the foregoing reasons, the court does not have subject matter jurisdiction under 28 U.S.C. §1332(a) because the amount in controversy requirement has not been satisfied.

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the Plaintiff's Motion to Remand should be **GRANTED**, and the case should be **REMANDED** to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana.

It is further recommended that pursuant to 28 U.S.C. § 1447(c), defendant State Auto Insurance should be ordered to pay to Plaintiff costs and expenses incurred as a result of the removal in the amount of $500, within 14 days of the ruling on the motion to remand or within such time as the district judge may direct.

Signed in Baton Rouge, Louisiana, on August 5, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**